**Petition for Naturalization of Ilse SCACCIO.**

**No. 109941.**

United States District Court
N. D. California, S. D.
April 25, 1955.

Lawrence Speiser Staff Counsel, American Civil Liberties Union of Northern California, San Francisco, Cal., for petitioner.

Daniel H. Lyons, Designated Naturalization Examiner Immigration and Naturalization Service, San Francisco, Cal., for United States.

GOODMAN, District Judge.

Ilse Scaccio is the alien wife of an American Citizen member of our armed forces. She has petitioned for naturalization. § 319(b) Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1430.

She has established to the satisfaction of the Court that she is opposed to any type of service in the armed forces of the United States by reason of religious training and belief.

She, being otherwise fully qualified for citizenship, wishes to take the oath required by § 337 of the Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1448, "to perform work of national importance under civilian direction when required by the law", but subject, however, to her expressed reservation that: "I would do some things and some things I would not do."

In substance, she wishes to reserve the right to choose the kind of work she will do, depending upon whether, in her judgment, such work is related to munitions and implements of war.

The Naturalization Examiner has recommended that her petition be denied because the petitioner has mental reservations and thus is equivocal as to the oath.

Petitioner contends that the oath to "perform work of national importance under civilian direction when required by the law" does not include a promise to do work related to munitions or implements of war; and that therefore the oath may be properly taken with such reservation. She points out that in the previous nationality statutes there was no requirement, either express or implied, that conscientious objectors seeking citizenship must promise to perform work related to munitions or implements of war if required by law. She argues that if the Congress had intended that the oath specified in the 1952 Act should require conscientious objectors to assume this obligation, this intent would have been specifically spelled out.

But this argument does not dispose of the fact that the form of the oath of allegiance specified in the 1952 Act is entirely new and different from any oath previously required. For the first time, the Congress set out a comprehensive plan relating to conscientious objectors. Those who were unwilling to bear arms were given the choice of obligating themselves either to perform non-combatant *military* service or to perform work of national importance under *civilian* direction *when required by law*.

Previous nationality statutes, up to and including the Nationality Act of 1940[1] required applicants for citizenship to swear only "to support and defend the Constitution * * * of the United States". Until the Supreme Court decided otherwise in Girouard v. United States, 1946, 328 U.S. 61, 66 S.Ct. 826, 90 L.Ed. 1084, this oath was regarded as implying an obligation to bear arms. The Act of 1940 was amended by the Internal Security Act of 1950[2] to allow applicants to take either the old oath of the 1940 Act or an oath to bear arms or to perform non-combatant *military* service. This afforded applicants for citizenship, who had religious scruples, the alternatives of promising to bear arms, or to perform non-combatant *military* service or merely to support and defend the Constitution of the United States (the latter oath having been interpreted by Girouard not to include a promise to bear arms.)

But in the 1952 Act, the Congress precisely spelled out new alternative oaths; (1) Bear arms *when required by law* or (2) perform non-combatant *military* service *when required by law* or (3) perform work of national importance under *civilian* direction *when required by law*.

Thus for the first time alternative (3) became statutory. It is specific, clear and unambiguous. The applicant must obli-

1. 34 Stat. 596, 597 (1906); 54 Stat. 1137, 1157 (1940). 1 Stat. 103 (1790); 1 Stat. 414 (1795); 2 Stat. 153 (1802).

2. 64 Stat. 987, 1017.

gate himself to do work of national importance. He binds himself to do such work under civilian direction (for the first time ever so provided by statute.) He binds himself to do such *work when required by law.*

Petitioner urges that by "work of national importance" the Congress meant work other than that related to the making or handling of munitions or implements of war. She contends that the purpose of the Congress in formulating the new oath was to secure from applicants for citizenship the promise to perform, if necessary, one of the three alternative types of service required of draftees under the Selective Service Act, 50 U.S.C.A. Appendix, § 451 et seq. Since it was then the established policy of the administrators of the Selective Service Act of 1948 not to require draftees performing work under civilian direction to work with munitions, she argues that the Congress could not have intended to exact from applicants for citizenship a promise to perform such work. It would be unreasonable, she says, to ascribe such intent to the Congress because it is well known that most conscientious objectors would be unwilling to make or handle munitions.

The legislative history of the new naturalization oath does demonstrate that the Congress added the alternative promise to perform work of national importance to the oath so that the obligation assumed by naturalized citizens would be as broad as that imposed by the Selective Service Act.[3] But nothing in the legislative history indicates that the Congress intended to limit the obligation to the precise type of civilian work then being offered to draftees under the Selective Service Act. If such were the intent, the language employed clearly does *not* express it.

The broad and plain language of the oath precludes the interpretation urged by petitioner. If the Congress intended

to presently fix the kind of civilian work which applicants for citizenship must obligate themselves to perform, it could have done so. It did not do so, but left the subject to be covered by future legislation.

Ilse Scaccio must take the oath as it stands or not at all. Citizenship is not to be bargained for.

Petition for naturalization denied.

---

3. 98 Congressional Record 4422, 5090, 7017. Conference Report No. 2096, 82d Congress, 1952 U.S.Code Congressional and Administrative News 1753, 1756.

House Report No. 1365; 82d Congress, 1952 U.S.Code Congressional and Administrative News 1653, 1741.